UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICKY WILLIAMS                                                              PLAINTIFF

V.                                                    CIVIL ACTION NO. 3:08CV321 DPJ-JCS

UNITED STATES OF AMERICA                                                    DEFENDANT

ORDER

This medical malpractice action is before the Court on the cross-motions of the parties for summary judgment pursuant to Federal Rule of Civil Procedure 56. Plaintiff Ricky Williams filed a motion for summary judgment on August 3, 2009 [18], to which Defendant responded in opposition. Defendant also filed a motion for summary judgment on August 3 [19], to which Plaintiff has failed to respond and the time to do so has now passed. The Court, having considered the filings of the parties along with the pertinent authorities, finds that Plaintiff's motion should be denied and Defendant's motion should be granted.

**I.     Facts and Procedural History**

On May 21, 2008, Plaintiff, proceeding *pro se*, filed this action against Defendant based on care he received at the G.V. Sonny Montgomery Veterans Affairs Medical Center ("VA"). Specifically, Plaintiff asserts that a physician committed malpractice when he punctured Plaintiff's right lung while performing a biopsy on a lung nodule. Plaintiff complains that this physician said "the biopsy was too risky and that (he) the very medical specialist/doctor would not advise anyone to try to perform the biopsy . . . [n]evertheless, this same medical specialist/doctor later insisted on the same biopsy that he had previously warned against performing." Complaint at 1. Plaintiff claims that as a result of the alleged malpractice he suffered "a sever [sic] decrease in the functionality of [his] lungs," missed five months of work,

and was unable to pay his living expenses. He seeks $2,000,000 in compensatory damages and $10,000,000 in punitive damages. Plaintiff has now moved for summary judgment, arguing that "this case does not rise to the federal court jurisdiction level" because his claim should have been settled at the administrative level. In its motion, Defendant maintains that Plaintiff's claims must fail because he has not come forward with expert testimony to establish 1) the applicable standard of care; 2) that the VA breached that standard care; and 3) that any acts or omissions by the VA proximately caused Plaintiff's injuries and damages.[1]

## II. Analysis

### A. Summary Judgment Standard

Summary judgment is warranted under Rule 56(c) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Conclusory allegations, speculation, unsubstantiated assertions, and

---

[1] Defendant previously moved for summary judgment on these grounds, and the Court denied the motion without prejudice because discovery had yet to take place. Discovery closed in this case on July 20, 2009.

legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Instead, when the movant shows the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995).

In this case, Plaintiff filed no response to Defendant's motion, but that alone will not justify granting Defendant's motion. As explained by the Fifth Circuit, district courts must first consider the record.

> [I]f the moving party fails to establish by its summary judgment evidence that it is entitled to judgment as a matter of law, summary judgment must be denied--even if the non-movant has not responded to the motion. But where the movant's summary judgment evidence does establish its right to judgment as a matter of law, the district court is entitled to grant summary judgment, absent unusual circumstances.

*McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1992 WL 352617, at *1 (5th Cir. 1992) (unpublished table decision) (citations omitted) (affirming summary judgment where counsel failed to file timely response); *see also* Uniform Local Rule 7.2(C)(2).

In other words, the Court cannot grant summary judgment for the mere lack of response, but if the record establishes that the movant met its burden under Rule 56(c), then the absence of responsive affidavits or other record evidence creating a genuine issue for trial will justify an order granting the motion. *Id.*; *see also Sanders v. Bell Helicopter Textron Inc.*, 199 F. App'x 309, 310 (5th Cir. 2006) (holding that record supported summary judgment where non-movant failed to respond); *Stewart v. City of Bryan Public Works*, 121 F. App'x 40, 42 (5th Cir. 2005)

(same); *Ahart v. Vickery*, 117 F. App'x 344, 344 (5th Cir. 2004) (same).

    B.      Plaintiff's Motion for Summary Judgment

Plaintiff's motion, in its entirety, consists of the following:

> Comes now, I Ricky Williams, the above plaintiff, filing said Motion for Summary Judgement pursuant to the Federal Rules of Civil Procedure (FRCP) 56, as a matter of law. In support of said Motion, it should be made known that this case does not rise to the federal court jurisdiction level SF Civil Administrative Claim, should have been settled at the administrative level. What is before the Court in the matter is an abuse of authority, race discrimination, and an abuse of Court, by the defendant's failure to settle this matter in good-faith.

Plaintiff, as the party moving for summary judgment, bears the initial responsibility of informing the Court of the basis for his motion and identifying those portions of the record he believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. Yet, Plaintiff cited no authority in his motion, failed to direct the Court to any record evidence, and chose not to file a memorandum in support of his motion. While he appears to take issue with federal jurisdiction, he filed this action in this Court, and jurisdiction is proper. *See* 28 U.S.C. A. § 1346(b)(1). As for his allegations that Defendant's failure to settle his case amounts to race discrimination, an abuse of authority, and an "abuse of Court," his Complaint is devoid of any mention of Defendant's failure to settle or these related allegations. Plaintiff has failed to meet his burden of showing a genuine issue of material fact; his motion for summary judgment is denied.

    C.      Defendant's Motion for Summary Judgment

Defendant insists that summary judgment is appropriate because Plaintiff has not designated an expert, which is necessary to establish a medical malpractice claim.

> To recover under a negligence action, a plaintiff has the burden of proof to show by a preponderance of the evidence that the defendant had a legal duty, that the legal duty was breached by the defendant to conform to the required standard of care, that the defendant's breach proximately caused an injury to the plaintiff, and that damages to plaintiff have resulted.

*Phillips v. Hull*, 516 So. 2d 488, 491 (Miss. 1987); *see also Brown v. Baptist Mem'l Hosp. DeSoto, Inc.*, 806 So. 2d 1131, 1134 (Miss. 2002) ("This Court has held that in order to prevail in a medical malpractice action, a plaintiff must establish, by expert testimony, the standard of acceptable professional practice; that the defendant physician deviated from that standard; and that the deviation from the standard of acceptable professional practice was the proximate cause of the injury of which plaintiff complains.").

"In Mississippi, expert testimony is required to establish a claim of medical negligence unless the matter at issue is within the common knowledge of laymen." *Terry v. Clinton Health & Rehab Ctr.*, 170 F. Supp. 2d 686, 688 (S.D. Miss. 2000) (granting summary judgment as to claims of negligence in the rendering of care by a nursing home, where the plaintiff failed to designate an expert and admitted that expert testimony was required to establish a prima facie case) (citing *Walker v. Skiwski*, 529 So. 2d 184, 187 (Miss. 1988) (finding claim that physician negligently performed a circumcision required expert medical testimony)). "Not only must this expert identify and articulate the requisite standard that was not complied with, the expert must also establish that the failure was the proximate cause, or proximate contributing cause, of the alleged injuries." *Hubbard v. Wansley*, 954 So. 2d 951, 957 (Miss. 2007) (citations and quotations omitted); *see also Deiorio v. Pensacola Health Trust, Inc.*, 990 So. 2d 804, 807 (Miss. Ct. App. 2008) ("'[T]he expert must also establish that the failure was the proximate cause . . . of the alleged injuries.'" (quoting *Barner v. Gorman*, 605 So. 2d 805, 809 (Miss. 1992)); *Scales v.*

*Lackey Mem'l Hosp.*, 988 So. 2d 426, 431 (Miss. Ct. App. 2008)(same).

Here, Defendant points out that Plaintiff has not identified an expert who can offer an opinion on the standard of care, the alleged breach of that standard, or that such breach caused Plaintiff's injury. Plaintiff did file a document entitled "Plaintiff's Expert Opinion" [16], which contained twenty-six pages of his medical records from Central Mississippi Medical Center and the VA, with his handwritten notes. However, as Defendant notes, medical records are not an expert opinion. In sum, Plaintiff's failure to designate an expert is fatal to his medical malpractice claim. Defendant satisfied its duty under Rule 56, Plaintiff offered no response, and Defendant's motion for summary judgment is granted. *See Neely v. N. Miss. Med. Ctr., Inc.*, 996 So. 2d 726, 729 (Miss. 2008) ("Our case law is clear that in medical malpractice cases, 'negligence cannot be established without medical testimony that the defendant failed to use ordinary skill and care.' Failure to produce this evidence dictates that there is no genuine issue of material fact, and therefore, summary judgment was appropriate." (quoting *Travis v. Stewart*, 680 So. 2d 214, 218 (Miss. 1996)); *Scales*, 988 So. 2d at 433 ("[A] defendant in a medical malpractice action may meet its summary judgment burden by pointing out to the court that the plaintiff has failed to produce sworn expert testimony supporting his or her allegations.").

## III. Conclusion

For the reasons given, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted. Plaintiff's claims are dismissed with prejudice. A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3th day of September, 2009.

               s/ *Daniel P. Jordan III*
               UNITED STATES DISTRICT JUDGE